UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD M. SPILLMAN,

                Plaintiff,

v.

RYAN M. MURPHY, and
DEBORAH M. MURPHY,

                Defendants.

**REPORT AND RECOMMENDATION**

15-CV-00829-RJA-JJM

---

## INTRODUCTION

This action has been referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a Report and Recommendation on dispositive motions [6].[1] Before me is plaintiff's motion to remand this action to State of New York Supreme Court, County of Niagara [7]. Oral argument was held on November 5, 2015 [11]. For the following reasons, I recommend that the motion be granted.

## BACKGROUND

Plaintiff commenced this action in State of New York Supreme Court, County of Niagara on May 12, 2015, seeking to recover damages for personal injuries allegedly sustained in an automobile accident on September 29, 2013. Summons and Complaint [2-1]. On June 2, 2015 he filed an Amended Complaint [2-2]. The Summons and Amended Complaint was delivered to 424 Burt Avenue, Lewiston, New York (the last known address of defendant Ryan Murphy) on August 3, 2015, and mailed to that address on August 5, 2015. Affidavit of

---

[1]     Bracketed references are to CM-ECF docket entries.

Service [7-5], p. 2 of 5.  Another copy was delivered to 188 Woods St.  Stratford, Ontario, Canada, the last known address of defendant Deborah Murphy, on August 1, 2015, and mailed to that address on August 11, 2015.  Id., pp. 4-5 of 5.  Defendant Deborah Murphy filed a Notice of Removal to this court on September 16, 2015 [1], alleging diversity of citizenship as the basis of federal subject matter jurisdiction.

In moving to remand, plaintiff argues that the Notice of Removal was untimely, and that in any event diversity jurisdiction is lacking because both plaintiff and defendant Ryan Murphy were New York residents at the time the action was commenced.  Plaintiff's Memorandum of Law [7-7].  Defendant Murphy responds that her Notice of Removal was timely because it was filed within 30 days of her learning that the amount in controversy likely exceeded $75,000 (*see* 28 U.S.C. §1446(b)(3)), and that diversity jurisdiction exists because both she and defendant Ryan Murphy are citizens of Canada.  Defendant's Memorandum of Law [9-2].

## ANALYSIS

"The Supreme Court has held that statutory procedures for removal are to be strictly construed, and we have held that out of respect for the limited jurisdiction of the federal courts and the rights of states, we must resolve any doubts against removability."  In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 488 F.3d 112, 124 (2d Cir. 2007) (*citing* Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) and Somlyo v. J. Lu–Rob Enterprises, Inc., 932 F.2d 1043, 1045–46 (2d Cir.1991)).  Therefore, "[w]hen a motion to remand is presented to the federal district court, it is the party seeking to sustain the removal and not the party seeking remand that bears the burden of demonstrating that removal was proper".

Felipe v. Target Corp., 572 F. Supp. 2d 455, 458 (S.D.N.Y. 2008). The removing party must "show that subject matter jurisdiction exists and that removal was timely . . . . All doubts should be resolved against removability". Winter v. Novartis Pharmaceuticals Corp., 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014).

**A. Citizenship of Defendant Ryan Murphy**

Plaintiff argues that "diversity jurisdiction does not exist in this case because the defendant Ryan M. Murphy was a resident of New York at the time the Complaint was filed". Cobb Affidavit [7-1], ¶6. However, "a mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction". Steigleder v. McQuesten, 198 U.S. 141, 143 (1905). "For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: (1) physical presence in a state and (2) the intent to make the state a home." Praileau v. Fischer, 930 F. Supp. 2d 383, 395 (N.D.N.Y. 2013). "Domicile therefore . . . is more than an individual's residence." National Artists Management Co. v. Weaving, 769 F. Supp. 1224, 1227 (S.D.N.Y. 1991).

In opposing remand, defendant Ryan Murphy states that "[m]y domicile is 188 Woods St. Stratford, Ontario, Canada. At all times material to the claims in Plaintiff's lawsuit, I have maintained [m]y domicile/permanent residence in Ontario, Canada. While I resided in New York State during the school year from September 2000 until December 2013, I have maintained my Ontario, Canada residence with the intent that it remains my permanent residence. I have not resided at 424 Burt Circle, Lewiston, New York since December of 2013." Murphy Affidavit [9-1], ¶¶2-4. Therefore, his alleged residence in New York State does not defeat jurisdiction.

**B. Timeliness of Removal**

Defendant Deborah Murphy argues that removal was timely because it occurred "within 30 days after Defendant learned that the amount in controversy is likely in excess of $75,000". Jones Affirmation [9], ¶7. "Following receipt of the Summons and Complaint on August 17, 2015, same was forwarded to Defendant's insurer who had prior contact with Plaintiff's counsel as to the Plaintiff's alleged injuries. Defendant first learned of the extent of the alleged injuries . . . after forwarding the Summons and Complaint to the insurer and therefore, this matter was timely removed within 30 days after Defendant learned that the amount in controversy is likely in excess of $75,000". Defendant's Memorandum of Law [9-2], p. 3 of 5.

However, "where the facts underlying removal are in dispute the removing party must prove those facts by a preponderance of the evidence". Greenidge v. Mundo Shipping Corp., 41 F. Supp. 2d 354, 356 (E.D.N.Y. 1999). Defendant Deborah Murphy has submitted no evidence showing when she first became aware that the amount in controversy likely exceeds $75,000.[2] The statements contained in her attorney's Affidavit and Memorandum of Law are not evidence. See Beyah v. Coughlin, 789 F.2d 986, 989 (2d Cir. 1986) ("[t]he only affidavit submitted was that of Cream, defendants' attorney. Cream, however, did not suggest that he had personal knowledge of any of the facts he asserted"); Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009) ("[a]n attorney's unsworn statements in a brief are not evidence").

---

[2] For example, although plaintiff's Affidavit of Service shows that the Summons and Amended Complaint was delivered to defendant Deborah Murphy's residence on August 1, 2015 ([7-5], p. 4 of 5), her Memorandum of Law contends, without explanation, that she received the Summons and Complaint on August 17, 2015. Defendant's Memorandum of Law [9-2], p. 3 of 5.

For example, in Simpson v. AWC 1997 Corp., 2008 WL 2884999, *4 (N.D.N.Y. 2008), the court held that removal was untimely where the defendant, although stating in its memorandum of law that it could not open an e-mail containing information showing the value of the case, failed to submit evidence supporting that contention: "G.E. acknowledges receipt of the April 18 e-mail, but states in its memorandum of law that the WordPerfect format 'is not a word processing program supported by SDMA's office' . . . . [G.E.] provides no evidence of this fact, such as an affidavit from someone responsible for overseeing its computer operations . . . . Considering that the burden of establishing compliance with the procedural requirements of 28 U.S.C. §1446 is upon Defendant G.E. and G.E. failed to submit evidence that it was unable to open the 'wpd' attachment to the April 18, 2008 e-mail, the Court finds the notice of removal was untimely because it was filed more than thirty days after it received the April 18, 2008 e-mail."

As in Simpson, defendant Deborah Murphy, while claiming in her Memorandum of Law that she did not discover the value of the case until after August 17, 2015, fails to submit her own affidavit or any other evidence in support of that claim. Therefore, since she has failed to show that removal was timely, this action must be remanded. Winter, *supra*.

At oral argument, defense counsel suggested that remand would be a wasted effort since co-defendant Ryan Murphy, who allegedly has not yet been served, will be able to remove the action once he is served. *See* 28 U.S.C. §§1446(b)(2)(B) and (C). However, that is an issue for another day: the only issue currently before me is whether defendant Deborah Murphy properly removed this action, and I conclude that she has not.

**CONCLUSION**

For these reasons, I recommend that plaintiff's motion to remand [7] be granted. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by November 30, 2015 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)).  Any requests for extension of this deadline must be made to Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".  Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

DATED:   November 12, 2015

      /s/ Jeremiah J. McCarthy
      JEREMIAH J. MCCARTHY
      United States Magistrate Judge